# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LEACH | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:10 CV 2384 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on James Leach's motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Leach makes four allegations in his original petition. First, Leach alleges that his counsel was ineffective for failing to contest an alleged illegal search of his mobile home, for failing to explain to him what was occurring during the proceedings, and for failing to help Leach with his 28 U.S.C. §2255 petition. Second, Leach alleges that his residence was subject to an illegal search in violation of the Fourth Amendment. Third, Leach alleges that he was mentally incompetent at the time of the hearings. Fourth, Leach alleges that he was threatened by the prosecuting attorneys. For the reasons set forth below, the petition will be denied.

Leach also filed a motion to file a supplemental brief. This motion will be denied because the issues raised were already asserted in his petition. To the extent that the supplemental brief raises new claims, they are untimely because they were asserted well byond the one-year statute of limitations.

**I.     Background**

On June 15 and June 16, Detective Vargas began to conduct an investigation relating to the illegal use of methamphetamine in Jefferson County. [United States v. Leach, No. 4:09 CR 759, slip. op at 1, Doc. # 57]  On June 16, 2009, Detective Vargas applied for and obtained a search warrant from a Jefferson County Missouri judge.  Id. at 1-2.  This search warrant described Leach's mobile home and listed Leach's address as 1601 Catapla, Arnold, Missouri which is located in Jefferson County.  Id. at 2-3.  The search warrant also granted the officers authority to search "the vehicle located there."  Id. at 3.  Finally, the search warrant sought controlled substances from the search.  Id.

Leach resided in a mobile home at 1601 Catapla in Jefferson County, Missouri.  Plea Agrmt., 19, Mar. 23, 2010.  In the course of executing the search warrant at Leach's residence, officers discovered at least 16 grams of methamphetamine.  Id.  The officers also found $3,002 of United States currency as well as four firearms that traveled through interstate commerce.  Id.  These firearms were tested and found that they functioned as designed.  Id.

On September 10, 2009, Leach was indicted on charges of possession with intent to distribute methamphetamine, possession of firearms in furtherance of drug trafficking offenses, possession of firearms as a convicted felon, and attempting to tamper with a witness by corrupt persuasion.

On October 2, 2009, Leach's counsel filed three pretrial motions.  One of these motions sought the evidence obtained through the search warrant.  [Leach et al., No. 4:09 CR 759, Doc. # 42]  Leach argued that the search violated the Fourth Amendment because the search warrant authorized the search of an unspecified vehicle, not Leach's mobile home, and there was no

probable cause to support the issuance of the warrant. Id. at 2. Leach argued that the "warrant was so facially defective that law enforcement officers could not reasonably rely on the warrant to conduct a search of the Defendant's home." Id.

On October 23, 2009, United State Magistrate Judge Thomas Mummert filed a Report and Recommendation that the motion to suppress should be denied. [Leach, No. 4:09 CR 579, Doc. #s 57 and 58] Judge Mummert found that the language of the search warrant application and affidavit clearly direct the search of the mobile home for illegal drugs. The error on the warrant mentioning the search of a vehicle was a clerical error. On January 20, 2010, I sustained, adopted, and incorporated Judge Mummert's Report and Recommendation. United States v. Leach, No. 4:09 CR 579 (Jan. 20, 2010). I agreed with Judge Mummert that the search warrant, the circumstances surrounding the application, and the execution of the warrant clearly demonstrated that the warrant was directed at Leach's mobile home. Leach's motion to suppress evidence obtained from the search of his mobile home was without merit.

On February 16, 2010, Leach filed a motion for the removal of legal counsel. Leach indicated that his counsel was ineffective because his counsel was not giving him enough time to make decisions regarding the plea negotiations. Leach further alleged that his counsel was advising him to plead guilty rather than investigate potential defenses. Finally, Leach stated that he felt that his counsel was not willing to provide an adequate defense.

On February 25, 2010, Leach, through his counsel, withdrew his Motion for the Removal of Legal Counsel. In this motion, the defense counsel indicated that, "after meeting with the Defendant [Leach] for some length this afternoon, Defendant has expressed his intention to remain with present counsel." [Leach, No. 4:09 CR 579, Doc. # 64]

On March 23, 2010, Leach pleaded guilty to Count Three of the Superceding Indictment. Count Three states that:

> On or about June 15, 2009, in Jefferson County, in the Eastern District of Missouri, James Leach, the Defendant herein, did knowingly possess on or more firearms . . . in furtherance of the drug trafficking crime charged in Count Two. In violation of Title 18, United States Code 924(c).

In return for his guilty plea, the Assistant United States Attorney agreed to drop Counts One, Two, Four, Five, Six, Seven, and Eight of the Superseding Indictment. [Leach, No. 4:09 CR 579, Doc. # 102]

In his Plea Agreement, Leach waived the right to appeal all sentencing issues, so long as the sentence imposed was in accordance with recommendations in the Plea Agreement and within the range of sentencing guidelines. Id. at 4. Leach also waived all rights associated with his conviction except for claims of prosecutorial misconduct and ineffective assistance of counsel. Id. at 5.

During his plea hearing on March 23, 2010, I asked Leach a series of questions, under oath, to determine if Leach was competent to proceed with the hearing. In the course of asking these questions, Leach indicated that he was bi-polar and on medication to treat this condition. Leach did not know the name of his medication, but he indicated that the medication was prescribed by his psychiatrist in jail. At the time of the hearing, he stated that he had been on the prescribed medication for six or seven months. Leach also indicated that he took the correct dosage at the same time each day and that the medication helped him to control his mental health condition. I then asked Leach if he was prescribed any other medication by his psychiatrist that

he was supposed to be taking but was not taking. Leach responded that he was not prescribed any other medication nor was he taking anything that he was not prescribed. I also asked Leach if he had been previously under the care of a mental health provider. Leach responded that he was under the care of a psychiatrist last time he was in prison and that this psychiatrist determined that Leach was a bi-polar paranoid schizophrenic. Leach indicated that he was prescribed different medication when he was under the care of the previous psychiatrist. He stated, however, that the treatment produced the same results as his current medication regime. I next asked Leach if he understood what was happening today and why he was here. Leach responded that he understood. Finally, I asked both the defense counsel and the Assistant United States Attorney if they had any doubt regarding Leach's competency. Both attorneys indicated that they did not doubt Leach's competency to proceed. I also asked Leach's counsel a series of questions to determine whether Leach was mentally competent throughout their interactions, that he understood the charges against him, and that he was able to assist in determining how to investigate and how to proceed with his case. I made the determination that Leach was competent to proceed with the plea hearing.

  I then reviewed the Plea Agreement with Leach. I asked Leach a series of questions to ensure that he understood the terms of the plea agreement. Leach represented to me, under oath, that he read the Plea Agreement, discussed it with his counsel, and understood its terms. Leach also acknowledged that he was satisfied with his counsel's representation and that his counsel had performed all of the tasks and investigations requested by Leach. At no time during the plea hearing did Leach indicate that he was dissatisfied with the representation of his counsel. Leach further indicated that no one had threatened, forced, or otherwise coerced him into pleading

guilty.

At the sentencing hearing on June 10, 2010, neither the United States Attorney nor the defense counsel made any objections to the presentence report. Originally, the sentencing guidelines suggested that Leach should receive a sentence between 262 and 327 months incarceration followed by a three to five year period of supervised release. [Leach, No. 4:09 CR 579, Doc. # 102] Leach's defense counsel requested a 204 month sentence. Consistent with the recommendation contained in the Plea Agreement, the United States government did not oppose this request. Leach indicated that he had an opportunity to say everything he wanted and that his counsel had spoken fully on his behalf.

I gave effect to the Plea Agreement and sentenced Leach to 204 months imprisonment and three years supervised release. This sentence was to run consecutive to the undischarged term of imprisonment in the Missouri department of corrections, Cause No. CR700-1930-01, as recommended by U.S.S.G. §5G1.3C. I also asked the defense counsel to ensure that Leach's records followed him to his new place of incarceration so that he could maintain his medication regime in order to treat his mental health condition.

I told Leach that he could appeal his sentence within ten days of his sentencing if he felt any reason to do so. Leach did not do so.

Leach filed a motion for relief under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on December 20, 2010.

On September 7, 2011, the Assistant United States Attorney responded to Leach's initial 28 U.S.C. §2255 petition. Leach filed a reply.

On July 12, 2013, Leach filed a motion for leave to file a supplemental brief.

## II. Grounds for Relief

In his 28 U.S.C. §2255 petition, Leach makes four allegations. First, Leach indicates that his counsel was constitutionally ineffective, thereby depriving his constitutional right to counsel provided by the Sixth Amendment. Leach alleges that his counsel should have contested the alleged illegal search of his residence, that his counsel failed to explain to him what was going on during the trial, and that his counsel should have helped him with his 28 U.S.C. §2255 petition. Second, Leach alleges that the police conducted an illegal search of his residence in violation of the Fourth Amendment. Third, Leach alleges that he was not competent to proceed during any of the hearings. Fourth, Leach alleges that he was threatened by the prosecution to take the Plea Agreement. Finally, Leach attempts to raise several new claims and recharacterize some of his the claims present in his 28 U.S.C. §2255 petition in his motion for leave to file a supplemental brief.

## III. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel within the context of §2255, Leach "faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1077 (8th Cir. 1996). A claim of ineffective assistance of counsel must be scrutinized under the two-part test articulated in Strickland v. Washington, 466 U.S. 668 (1984). First, Leach "must show that counsel's performance was deficient. This [element] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Id. at 687. In considering whether this showing has been accomplished, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The court seeks to "eliminate the distorting effects of hindsight" by examining counsel's performance from

counsel's perspective at the time of the alleged error.  Id.

Second, Leach must show that "the deficient performance prejudiced the defense."  Id. at 687.  This prong requires him to demonstrate "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

Leach alleges that his counsel was ineffective because his counsel should have contested the alleged illegal search of his residence, that his counsel failed to explain to him what was going on during the trial, and that his counsel should have helped him with his 28 U.S.C. §2255 motion.

Leach's claim that his counsel failed to contest the alleged illegal search of his residence is directly contradicted by the record.  Leach's counsel contested the alleged illegal search of Leach's residence.  Leach's counsel filed a motion to suppress evidence obtained through the "unlawful search" of Leach's mobile home.  In this motion, Leach's counsel makes several arguments seeking to suppress the evidence obtained from the allegedly unlawful search.  This search is the same search referred to throughout Leach's 28 U.S.C. §2255 petition.  Because the record directly contradicts this claim, Leach's argument that his counsel was ineffective because his counsel should have contested the alleged illegal search of his residence will be denied.  To the extent that Leach's claim is that his counsel ineffectively pursued the motion to suppress, this claim is without merit.   I determined in Leach's underlying case, and again in reviewing this petition, that the search warrant was valid.

Second, Leach alleges that his counsel was ineffective because his counsel failed to explain to him what was occurring during the trial.  Once again, Leach's assertions are contradicted by the record.  Even though on February 16, 2010 Leach sought to remove his

counsel, the following week Leach, through his attorney, withdrew this request. The withdrawal request stated that "after meeting with the Defendant [Leach] for some length this afternoon, Defendant has expressed his intention to remain with present counsel." Def. Mot. Withdraw Doc. 64 at 1. During his plea hearing, Leach indicated under oath that he had enough time to discuss the case with his counsel. Leach further stated that he was satisfied with his attorney's representation in the case. Finally, Leach's counsel's affidavit supports Leach's statements during the proceedings. In this affidavit, Leach's counsel swears that he had numerous in-person conversations with Leach regarding the case throughout the proceedings. [Doc. # 20, Ex. 1,Decl. of Talmage E. Newton IV] Because the record directly contradicts Leach's allegations in his 28 U.S.C. §2255 petition, Leach's claim that his counsel was ineffective for failing to explain to him what occurred during the trial will be denied.

Finally, Leach alleges that his counsel was ineffective because his counsel failed to assist Leach with his 28 U.S.C. §2255 petition. This argument also does not amount to ineffective assistance of counsel. It is counter-intuitive that his counsel would help him argue in a 28 U.S.C. §2255 petition a claim about the defense counsel's own ineffectiveness. As I previously ruled in this case, Leach is not entitled to counsel to assist him in drafting his 28 U.S.C. §2255 petition. [Doc. # 8] Moreover, Leach asserts that his counsel was going to help him challenge the search warrant in a § 2255 petition. There is no prejudice because Leach's mobile home was searched based on a valid search warrant. As result, Leach's claim his counsel was ineffective for failing to help him draft his § 2255 petition is without merit.

**IV.  Arguments That Could Have Been Raised on Direct Appeal But Were Not Are Precluded From Review in This § 2255 Proceeding Absent A Sufficient Showing To Avoid the Procedural Bar.**

Leach's final three claims in his 28 U.S.C. §2255 petition concern the alleged illegal search of his residence, his alleged mental incompetence during the proceedings, and the prosecutor's alleged threats. These claim are procedurally barred from being heard unless Leach either raised these arguments on direct appeal or has demonstrated cause and prejudice for failing to raise these arguments on direct appeal. "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir.1987) (internal citation omitted). If the issue was not raised on direct appeal, then the issue cannot be raised in a §2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993); Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). A movant can also avoid procedural default by demonstrating actual innocence. Johnson v. United States, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, a §2255 movant must show either cause and actual prejudice, or that he is actually innocent.") (citations omitted) (quotation marks omitted).

Leach failed to raise any of his claims concerning the alleged illegal search of his residence, his alleged mental incompetence during the proceedings, and the prosecutor's alleged threats on direct appeal.

Leach litigated the allegedly illegal search of his residence during his criminal proceedings and failed to raise the issue failed on direct appeal. Moreover, Leach waived his right to appeal this issue as part of a highly favorable plea agreement. In addition, as I have

stated above, Leach's challenge of the search warrant was plainly meritless.

Leach's statements at trial directly contradict his argument concerning his mental incompetence during the proceedings. During his plea hearing, under oath, Leach indicated that he was fully aware of what was occurring and competent to proceed forward. Leach did not raise this issue regarding his competency on direct appeal.

Leach asserts that he pleaded guilty under undue pressure because "[t]he Prosecuting Attorney threatened to hit me with a Superceeding [sic] indictment and cause me to face 30 years if I did not except [sic] the plea of 204 months." [Doc. # 1, Pet. at 9] At the plea hearing, under oath, Leach indicated to me that he was in no way threatened, coerced, or forced to plead guilty. Leach failed raise this allegation of threats from the prosecutor on direct appeal. Although I gave him the opportunity to appeal my judgment and to contest these issues, Leach failed to appeal any of my decisions.

Because Leach did not raise any of these arguments on direct appeal, he must satisfy the cause and prejudice standard in order for his claims not to be procedurally barred. Ramey, 8 F.3d at 1314. In the factual allegations present in his 28 U.S.C. §2255 petition, Leach does not demonstrate either cause or prejudice for failing to raise these issues on direct appeal. Moreover, Leach does not raise any rationale in his petition as to why he did not bring these issues on direct appeal. Finally, Leach does not claim actual innocence. Actual innocence is a strict standard that cannot be met here because Leach plead guilty and "the evidence is sufficient to support a conviction on the charged offense." Johnson, 278 F.3d at 844. (internal quotation marks and citation omitted).

As such, these claims are procedurally defaulted and Leach may not raise these

procedurally defaulted claims in this 28 U.S.C. §2255 proceeding. Leach's claims concerning the alleged illegal search of his residence, his alleged mental incompetence during the proceedings, and the prosecutor's alleged threats will be denied.

Even if Leach exhausted these claims on direct appeal, they would have been denied in this 28 U.S.C. §2255 proceeding. Leach's claim concerning his alleged violation of his Fourth Amendment rights is meritless.

Leach's claim concerning his alleged mental incompetence during the proceedings also fails because they are unsubstantiated and refuted by the record. Leach's statements during both his plea and sentencing hearings directly contradict his argument. In both of the proceedings, Leach indicated, under oath, that he was on medication to help control his mental health disorder. Leach further stated that this medication did not affect his understanding of the trial. Both his counsel and the United States Attorney, agreeing with Leach, indicated that they believed that Leach was competent to proceed with his plea hearing and sentencing. An affidavit submitted by Leach's counsel reaffirms that Leach was competent during the proceedings, which supports the record at trial and counters Leach's present assertions. [Doc. # 20, Ex. 1,Decl. of Talmage E. Newton IV] Because Leach's claims of mental incompetence are refuted by the record and Leach does not offer any proof for his allegations, this claim is without merit.

Finally, Leach's argument concerning the alleged threats from the prosecutor would have also failed if brought up on direct appeal. Not only does this allegation fail to state a claim of relief, but it raises no argument or factual claims that would indicate that he was threatened by the prosecutor. First, Leach testified under oath during his plea hearing that he was not threatened, coerced, or forced to plead guilty. Second, prosecutors do not commit misconduct by

threatening to bring additional charges against a defendant. See, e.g., Luna v. Black, 772 F.2d 448, 449–50 (8th Cir. 1985) ("There is no due process violation when a defendant is openly presented with the 'unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution . . . .'") (quoting Bordenkicher v. Hayes, 434 U.S. 357, 365 (1978)). This process is part of the plea negotiations. If Leach went to trial on the superceding indictment, he could have received at least thirty year sentence if he was convicted of every offense. See e.g., U.S.S.G. §4B1.1(c)(c) (recommending a sentence range of 360 months to life for career offenders convicted under 18 U.S.C. §924(c), without receiving any reduction of accepting responsibility, to run consecutive to any sentence imposed for other offenses of the conviction). The prosecutor's statement cited by Leach was not a threat, it was merely a prediction of the type of sentence Leach could have received if he went to trial and was found to be guilty on all counts. As such, the claim that the prosecutor's threatened Leach is without merit and would have been denied.

### V. Amended Complaint is Barred by the Statute of Limitations that Govern 28 U.S.C. §2255 Petitions.

On July 12, 2013, Leach filed a motion for leave to file a supplemental brief. He asserts that his claims in his original $ 2255 petition could be rephrased as follows:

1) Trial counsel was ineffective by failing to secure a conditional plea in which Leach could have appealed the denial of his motion to suppress;

2) Trial counsel was ineffective when he misinformed Leach of his right to appeal the denial of his motion to suppress;

3) Trial counsel was ineffective when he failed to ascertain Leach's mental condition; and

-13-

4) Trial counsel's deficient performance regarding the issues above made Leach's plea unknowing and involuntary.

Post conviction motions for relief must be filed within one year from the date that the judgment becomes final. 28 U.S.C. § 2255(f). If the court authorizes the movant to amend their petition, claims made under 28 U.S.C. §2255 fall outside of this one year statute of limitations may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure Rule 15(c). See United States v. Hernandez, 436 F.3d 851, 857 (8th Cir.) (concluding that Federal Rules of Civil Procedure Rule 15(c)'s relation back rules apply to § 2255 motions).

In order for a claim made in an amended motion to relate back to the original motion, the movant must assert that the claim arose out of the same "conduct, transaction, or occurrence set out . . . in the original" petition. Fed. R. Civ. P. 15(c)(1)(B). A claim arises out of the same conduct, transaction, or occurrence when the claim is "tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005). "The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim." Dodd v. U.S., 614 F.3d 512, 515 (8th Cir. 2010) (citing Hernandez, 463 F.3d at 858). It is not enough, however, that both an original motion and an amended motion allege ineffective assistance of counsel during a trial. Dodd, 614 F.3d at 515 (citing United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005)) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."). The allegations of ineffective assistance made in a movant's 28 U.S.C. §2255 petition "must be of the

same 'time and type' as those in the original motion, such that they arise from the same core set of operative facts." Hernandez, 436 F.3d at 857; see also United States v. Craycraft, 167 F.3d 451, 457 (8th Cir.1999).

Leach had until June 10, 2011 to timely file or amend his 28 U.S.C. §2255 petition. 28 U.S.C. §2255(f). Leach's motion to file a supplemental claim was not filed until July 12, 2013, well beyond the one year limitation period.

In this motion, Leach raised several claims which differed from his original 28 U.S.C. §2255 petition. First, he altered his original ineffective assistance of counsel argument from stating that his counsel failed to contested the alleged illegal search of his residence to now stating that his counsel failed to secure a conditional plea agreement. He also asserts the claim that his counsel misinformed Leach that his right to appeal the denial of his motion to supress was preserved. These claims are not similar enough to satisfy the "time and type" test, nor do they arise out of the same set of core operative facts.

Even if these claims related back to Leach's 28 U.S.C. §2255 petition, cannot establish his counsel was ineffective under Strickland. As I have repeatedly stated, the search warrant in this matter was valid and, as a result, Leach did not suffer prejudice from any alleged ineffective assistance of counsel.

Leach now claims that his counsel was ineffective because he failed to ascertain Leach's medical condition. In his initial 28 U.S.C. §2255 petition, the closest claim Leach offers to this new claim was the he was mentally incompetent at the time of the proceedings. Leach recharacterizes this claim as one of ineffective assistance of counsel. This new claim does not satisfy the "time and type" requirement necessary for this new claim to relate back to any of the

claims present in his initial 28 U.S.C. §2255 petition because he completely changes the legal basis of his argument from claiming mental incompetence to claiming ineffective assistance of counsel. Moreover, this new claim is directly refuted by the record at trail since Leach brought up at trial that he had a mental health condition and was on medication to help control this condition. Also, as indicated above in Section IV, Leach's claim that he was mentally incompetent during the proceedings would have failed on the merits. Once again, this claim fails to satisfy the requirements to relate back to the original 28 U.S.C. §2255 petition and is untimely.

### V.     An Evidentiary Hearing is not Warranted

Generally, 28 U.S.C. §2255 entitles a movant to a hearing on the merits of his petition. However, there is a well established exception to this rule when the files and records of the case conclusively show that the petitioner is not entitled to relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Check v. United States, 858 F.2d. 1330, 1333 (8th Cir. 1988). Because the record conclusively establishes that Leach is not entitled to relief, his request is denied.

### VI.    Certificate of Appealability

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve those issues differently, or the issues deserve further proceedings."). Based on the foregoing, I find that Leach did not provide a sufficient basis to conclude that his counsel was constitutionally ineffective. I also do not find that Leach satisfied that the cause and prejudice standard necessary to lift the procedural bar on the rest of his claims. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** James Leach's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED that** Leach's motion for leave to file a supplemental brief [#35] is **DENIED**.

**IT IS FURTHER ORDERED that** the Court will not issue a certificate of appealability, as Leach has not made a substantial showing of the denial of a federal constitutional right. A Judgement will be entered on this same day.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dates this 24th day of March, 2014.